Michael C. ANTONELLI,
Plaintiff-Appellee,

v.

FEDERAL BUREAU OF INVESTIGATION, et al., Defendants-Appellants.

No. 82–1899.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 16, 1983.

Decided Nov. 22, 1983.

---

Elois E. Davies, Atty. Appellate Staff, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellants.

Andrew R. Running, Kirkland & Ellis, Chicago, Ill., for plaintiff-appellee.

Before BAUER, WOOD, Circuit Judges, and NEAHER, Senior District Judge.*

BAUER, Circuit Judge.

The Federal Bureau of Investigation (FBI) appeals from the district court's denial of the FBI's motion for summary judgment on eight counts of Antonelli's request for records under the Freedom of Information Act, 5 U.S.C. § 552 (1976) (FOIA). The district court denied the FBI's motion on the ground that the FBI failed to show that the requested information is exempt from disclosure under the FOIA exemption provisions, 5 U.S.C. § 552(b) (1976). Because we are persuaded that the FBI has met the FOIA exemption requirements, we reverse the district court's decision, 536 F.Supp. 568, and remand the case with instructions that the district court enter summary judgment in favor of the FBI.

## I

Plaintiff-appellee Antonelli has been convicted of federal bank fraud charges and currently is serving his prison term in a federal penitentiary. During the first four months of 1979, Antonelli submitted numerous FOIA requests for FBI records concerning himself and a number of other individuals. The FBI produced some of the requested records, but declined to search its files for documents pertaining to eight of the individuals named in Antonelli's requests.

Antonelli then filed the present action in the district court to compel the FBI to release the requested information. The eight requests at issue here were consolidated into eight counts of Antonelli's thirty-seven count complaint. The FBI moved for summary judgment on these eight counts on the ground that the Privacy Act, 5 U.S.C. § 552a (1975), forbids the release of information to third party requesters unless either the individual about whom the records concern consents to disclosure or disclosure is mandated under the FOIA.

The eight individuals who were the subjects of Antonelli's request did not consent to disclosure of their records. In support of its motion for summary judgment, the FBI also offered an affidavit by FBI Special Attorney Donald L. Smith which stated that, if the requested records exist, they would be exempt from disclosure under the FOIA as either investigative files exempt under FOIA Exemption 7, 5 U.S.C. § 552(b)(7), or personnel records exempt under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). The affidavit further stated that merely affirming the existence of such records could be an unwarranted invasion of the individual privacy that the FOIA exemptions are designed to protect. The FBI concluded that because Antonelli identified no general public interest in disclosing the requested information, the FBI was not required to confirm or deny that the files exist.

The district court rejected the FBI's argument and denied the summary judgment motion. The court ordered the FBI either to produce the requested documents, or to use the detailed affidavits prescribed in *Stein v. Department of Justice*, 662 F.2d 1245 (7th Cir.1981), to show that the documents are exempt from disclosure. The district court certified its order in January 1983, and this court granted Antonelli's motion for interlocutory appeal pursuant to 28 U.S.C. § 1291(b) (1982). The district court later granted the FBI's motion for a stay of its order pending this appeal.

* The Honorable Edward R. Neaher, Senior Judge of the United States District Court for the East-ern District of New York, is sitting by designation.

## II

The Freedom of Information Act is designed to broaden public access to government information by mandating disclosure of federal agency documents. At the same time, Congress realized that some disclosures would intrude unduly into individual privacy and hamper legitimate governmental operations. The Act thus contains nine exemptions that allow agencies to withhold certain records. *See* 5 U.S.C. § 552(b).

In the instant case the FBI has relied on Exemptions 6 and 7(C) & (D), 5 U.S.C. § 552(b)(6) & (7)(C) & (D), to deny eight of Antonelli's requests. Exemption 6 covers "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Exemption 7 extends to "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, [or] (D) disclose the identity of a confidential source...."

When asserting that requested information is exempt from disclosure, agencies usually follow the procedures prescribed in *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Under *Vaughn*, the agency has the initial burden of demonstrating why it should not disclose the information. The agency must provide a "detailed analysis" of the request and the reasons for invoking an exemption. Once the agency meets this initial burden, the court will balance the agency's justification against the public interest in disclosure. This court approved the *Vaughn* procedure in *Stein v. Department of Justice*, 662 F.2d 1245, 1253 (7th Cir.1981), where we held that an agency must provide "detailed justification" for refusing a first party FOIA request.[1] (A request is termed "first party" when a person seeks his own records, in contrast to a third party request when one seeks another person's records.) In the instant case, the district court denied the FBI's motion for summary judgment because the FBI failed to provide this detailed analysis.

The FBI argues that the procedures prescribed in *Stein* and *Vaughn* should not be required in response to nonconsensual third party requests where the requesting party has identified no public interest in disclosure. We agree. The *Vaughn* procedure is a suggested approach for handling many FOIA requests; nevertheless, it is not required in all instances. Congress intended that the courts implement the exemptions by providing a workable formula to balance the dual interests of disclosure and privacy. No formula should sacrifice either of these goals. The *Vaughn* court struck this balance when it said that the detailed agency analysis "would not have to contain factual descriptions that if made public would compromise the secret nature of the information." 484 F.2d at 826.

Courts have recognized that in some instances even acknowledging that certain records are kept would jeopardize the privacy interests that the FOIA exemptions are intended to protect. In these cases, the courts have allowed the agency neither to confirm nor deny the existence of requested records. For example, in *Gardels v. CIA*, 689 F.2d 1100 (D.C.Cir.1982), the court held that the CIA was not required to reveal whether it maintained covert contact with a university in responding to an FOIA request for information concerning any such contact. The court said that "an agency may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception." *Id.* at 1103. *See also Rushford v. Civiletti*, 485 F.Supp. 477 (D.D.C.1980), *aff'd mem.*, 656 F.2d 900 (D.C.Cir.1981) (Department of Justice properly neither confirmed nor denied existence of rec-

---

1. The court in *Stein* required that the government discharge its burden by submitting affidavits that "(1) describe the withheld documents and the justifications for nondisclosure with reasonably specific detail, (2) demonstrate that the information withheld falls logically within the claimed exemption, and (3) are not controverted by either contrary evidence in the record or by evidence of agency bad faith." 662 F.2d at 1253.

ords containing allegations that federal judges may have engaged in criminal or other misconduct).

## III

■ The FBI's refusal to confirm or deny the existence of some of the records that Antonelli requested was an appropriate response in this case. Smith's affidavit meets the FBI's initial burden of showing why the requested information should not be disclosed. Because Antonelli has requested documents concerning other persons, requiring the agency to provide a more detailed justification could infringe greatly on the privacy interests of the individuals described in the records.

Merely confirming that a particular file exists and stating the applicable exemption could reveal too much information where the requester seeks access to another person's files. For example, if the FBI denies a request for a specific third party's records on the ground that disclosure might reveal a confidential source (Exemption 7(D)), this denial itself may give the requester enough information to expose the subject of the inquiry to harassment and actual danger. At the least, revealing that a third party has been the subject of FBI investigations is likely to constitute an invasion of that person's privacy that implicates the protections of Exemptions 6 and 7.

With first party requests, references to other persons may be deleted from the released records to protect their privacy. In contrast, because third party requests like Antonelli's seek information about another person filed under that person's name, deletion of that party's name fails to protect that person's privacy.

Requiring the FBI to provide a more detailed justification for denial of requests for information also could jeopardize valuable FBI investigations. Again, merely acknowledging that a certain record exists can provide valuable information to requesters. FBI Director Webster testified before the Subcommittee on the Constitution of the Senate Judiciary Committee in 1981 that many requesters have used the FOIA to identify FBI informants and frustrate ongoing investigations.[2]

The FOIA exemptions are a response to Congress's concern that some requesters might use the FOIA to hinder intelligence operations. Congress indicated its concern in 1974 when it amended the FOIA exemptions to allow broader access to government documents. Senator Hart, the sponsor of the 1974 amendment to Exemption 7, stated:

A question has been raised as to whether my amendment might hinder the [FBI] in the performance of its investigatory duties. The Bureau stresses the need for confidentiality in its investigatory duties. I agree completely. . . .

My amendment would not hinder the Bureau's performance in any way . . . . [The amendment] was carefully drawn to preserve every conceivable reason the Bureau might have for resisting disclosure of material in an investigative file:

If informants' anonymity—whether paid informers or citizen volunteers—would be threatened, there would be no disclosure;

\*    \*    \*    \*    \*    \*

If disclosure is an unwarranted invasion of privacy, there would be no disclosure . . . ;

---

**2.** Excerpts of Director Webster's December 10, 1981, testimony are reproduced in the Supplemental Appendix to Appellant's brief. The testimony provides examples of how the FBI has lost valuable informants as a result of FOIA disclosures. Organized crime leaders apparently are especially adept at using the FOIA; Director Webster reported:

[T]hirty-eight members and associates of the Detroit Organized Crime Family have made requests. The list of requesters reads

like a *Who's Who* in Organized Crime in Detroit.

Through this concerted effort, the members and associates of this Family have obtained over twelve thousand pages of FBI documents. The Family now is free to pool these materials and analyze the FBI's documents to whatever level of sophistication and scrutiny their abundant resources permit.
Appellant's Supplemental Appendix at 9.

If in any other way the Bureau's ability to conduct such investigation was threatened, there would be no disclosure.

120 Cong.Rec. 17,040 (1974), *quoted in Miller v. Bell,* 661 F.2d 623, 626 (7th Cir.1981), *cert. denied sub nom. Miller v. Webster,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982).

The FBI's response to Antonelli's request is consistent with the purposes behind the FOIA nondisclosure provisions. Imposing additional burdens on the FBI could hamper agency investigations or invade personal privacy.

### IV

Antonelli contends that the FBI's position here in effect grants the agency a blanket exemption. We disagree. The agency still must meet its threshold burden of showing why the requested information is exempt from disclosure. Under the circumstances here, the Smith affidavit meets that burden.

The FBI would have had a greater burden if Antonelli had identified some public interest to be served by disclosing the information. Yet Antonelli's request failed to identify any viable public interest against which the court could weigh the privacy and agency interests at stake. The contention that "the public shares Antonelli's interest in ensuring that his convictions were not obtained as a result of a violation of the Constitution," Appellee's br. at 15, is insufficient. Some genuine public interest must exist to be balanced against the privacy interests protected by the FOIA exemptions. *See Baldridge v. Shapiro,* 455 U.S. 345, 360 n. 14, 102 S.Ct. 1103, 1112 n. 14, 71 L.Ed.2d 199 (1982) ("The primary purpose of the FOIA was not to benefit private litigants or to serve as a substitute for civil discovery."); *Brown v. FBI,* 658 F.2d 71, 75 (2d Cir.1981) ("Plaintiff states in his brief that he is pursuing this litigation hoping to obtain evidence sufficient to mount a collateral attack on his kidnapping conviction.... The court, however, cannot allow the plaintiff's personal interest to enter into the weighing or balancing process.").

In summary, the FBI procedures here are adequate for denying nonconsensual third party requests where the requester shows no identifiable public interest in disclosure. Requiring the FBI to process such requests in accordance with *Vaughn*-type procedures would jeopardize the privacy and investigatory interests that the FOIA is designed to protect.

Accordingly, the district court's judgment denying the FBI's motion for summary judgment with respect to the eight counts of the complaint is reversed.

REVERSED.