**VAN AIRE SKYPORT CORPORATION, Plaintiff,**

v.

**FEDERAL AVIATION ADMINISTRATION, Defendant.**

Civ. A. No. 89–F–1609.

United States District Court, D. Colorado.

Feb. 12, 1990.

**318**

Donald D. Cawelti, Westminster, Colo., for plaintiff.

Michael J. Norton, Acting U.S. Atty., and Jerry R. Atencio, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, Chief Judge.

Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). The parties are Van Aire Skyport (Van Aire) and the Federal Aviation Administration (FAA). Plaintiff moves this court for a preliminary and permanent injunction that would prohibit defendant from withholding requested records, and would direct defendant to permit inspection and copying of the documents. Plaintiff also requests attorney's fees. Jurisdiction lies in this court pursuant to 5 U.S.C. § 552(a)(4)(B).

Plaintiff Van Aire is a not-for-profit entity organized and existing under the laws of the State of Colorado. Plaintiff is organized for the purposes of promoting both air flight and the general welfare of its members. Its members are the owners of the residential subdivision lots within Van Aire subdivision in Adams County, Colorado. Members use the Van Aire Airport located in the Van Aire subdivision.

Defendant FAA oversees the progress of the massive new Denver airport under construction in Adams County. FAA is organized under the Department of Transportation. 49 U.S.C. App. § 1301 *et seq.* While FAA functions primarily to regulate air safety, FAA also retains jurisdiction to oversee development of airspace facilities. *See,* 49 U.S.C. App. §§ 1349–1353. FAA regulates federally-funded facilities and fa-

cilities that receive no federal funding. 49 U.S.C. App. §§ 1349, 1350. Federally-funded facilities, such as the new Denver airport, must comply with FAA standards regarding airspace, location of landing facilities, aircraft design and maintenance, air traffic control, and the relationship between "human factors" and air safety. 49 U.S.C. App. § 1353.

Plaintiff, alleging that it will be adversely affected by the airport, requested documents under the FOIA from defendant on March 6, 1989. Defendant complied substantially with plaintiff's request, but withheld approximately 214 documents. The complaint alleges that defendant wrongfully withheld production of the documents. Defendant submitted the documents in question to the court for *in camera* review. The instant matter is before us on cross motions for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, plaintiff's motion for summary judgment is DENIED; defendant's motion for summary judgment is GRANTED.

### I.

Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Willner v. Budig,* 848 F.2d 1032, 1033–34 (10th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). The plain language of Rule 56(c) mandates the entry of summary judgment against the party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* at 322, 106 S.Ct. at 2552. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party

opposing the motion, and resolve all doubts in favor of the existence of triable issues of fact. *World of Sleep, Inc. v. La–Z–Boy Chair Co.,* 756 F.2d 1467, 1474 (10th Cir. 1985), *cert. denied,* 474 U.S. 823, 106 S.Ct. 77, 88 L.Ed.2d 63 (1985); *Ross v. Hilltop Rehabilitation Hosp.,* 676 F.Supp. 1528 (D.Colo.1987). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The standard for granting summary judgment mirrors the standard for granting a directed verdict under Rule 50(a). *Id.,* at 250, 106 S.Ct. at 2511. The summary judgment inquiry turns on whether the proper jury question is presented. *Id.,* at 249, 106 S.Ct. at 2510.

▮▮▮ In a motion for summary judgment, movant's initial burden is slight. In its response, the nonmovant's burden is generally higher. In *Celotex,* the Supreme Court held that the language of Rule 56(c) does *not* require the moving party to show an *absence* of issues of material fact in order to be awarded summary judgment. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. That is, Rule 56 does not require the movant to *negate* the opponent's claim. *Id.,* at 323, 106 S.Ct. at 2552. The movant merely has the initial responsibility of informing the court of the basis for the motion, and identifying those portions of the record it believes show a lack of genuine issue. *Id.,* at 323, 106 S.Ct. at 2552. This burden is discharged merely by pointing out to the court there is an absence of evidence to support the nonmovant's case. *Id.,* at 325, 106 S.Ct. at 2553. On the other hand, the nonmovant has the burden of showing that there *are* issues of material fact to be determined. *Id.,* at 322–23, 106 S.Ct. at 2552-53. In order to dispute the facts demonstrated by the evidence of the movant, the nonmovant must also offer evidence, and cannot rely on mere allegations. *R–G Denver, Ltd. v. First City Holdings of Colorado, Inc.,* 789 F.2d 1469 (10th Cir.

1986). Conclusory allegations will not suffice to establish an issue of fact. *McVay v. Western Plains Service Corp.,* 823 F.2d 1395, 1398 (10th Cir.1987). When responding to a motion for summary judgment, the nonmovant must do more than provide "some evidence" in order to resist the motion. In *Anderson,* the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11. In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant, on the basis of the evidence presented in the motion and the response. *Id.,* at 587, 106 S.Ct. at 1356.

Generally, motions for summary judgment are made by defendant. In that case, defendant must meet its initial responsibility by demonstrating the absence of sufficient evidence necessary to establish all the essential elements of the plaintiff's claims. Plaintiff must then go beyond the pleadings and designate specific facts showing that there are genuine issues for trial on every element challenged by the motion. *Willner,* at 1035 (10th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). In sum, the issue for the court is whether sufficient evidence exists in the pretrial record to allow the plaintiff to win at trial. *See also,* Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183 (1987).

## II.

Congress enacted FOIA to promote full disclosure of information in the government's possession.[1] Nine exemptions exist, however, to allow the government justifiably to withhold disclosure under certain circumstances.[2] Where a dispute exists re-

---

1. H.R.Rep. No. 1497, 89th Cong., 2d Sess. 5,6 *reprinted in* 1966 U.S.Code Cong. & Admin. News 2418, 2426.

2. We summarize the exemptions as follows:
 (1) Matters involving national defense of foreign policy, 5 U.S.C. § 552(b)(1)(A);

garding whether the claimed exemption lawfully applies, the District Court is empowered to make a *de novo* determination. As part of its determination, the court may examine agency records *in camera* to determine the propriety of the agency's withholding. 5 U.S.C. § 552(a)(4)(B); Annotation, *Power of Court Under 5 U.S.C.S. § 552(a)(4)(B) to Examine Agency Records In Camera to Determine Propriety of Withholding Records*, 60 A.L.R.Fed. 416, 421 (1982).

The exemption most frequently relied on, and thus most frequently litigated,[3] is the exemption we consider today. Exemption five exempts matters from disclosure that are "interagency or intra-agency memorandums (sic) or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption five has been described as the least clear, most controversial, and farthest-reaching exemption of the FOIA's nine exemptions.[4] The exemption embodies a number of traditional privileges,[5] including the "deliberative process privilege." *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 151, 95 S.Ct. 1504, 1517, 44 L.Ed.2d 29 (1975).

Factors to be considered in determining whether a document is protected by the deliberative process privilege include the following: (a) whether the document is "predecisional" (i.e., whether it was generated before the adoption of an agency policy); (b) whether the document is "deliberative" (i.e. whether it reflects the give-and-take of consultative process); (c) whether the document is so candid and personal in nature that public disclosure would stifle honest and frank communication in the future; (d) whether the document is recommendatory in nature or whether it is a draft of a final document. *Teichgraeber v. Board of Governors, Federal Reserve System* (D.Kan.1988); *Burke Energy Corp. v. Dep't of Energy*, 583 F.Supp. 507, 512 (D.Kan.1984); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980).

Predecisional documents are "prepared in order to assist an agency decisionmaker in arriving at his decision." *See, Renegotiation Board v. Grunman Aircraft*, 421 U.S. 168, 184, 95 S.Ct. 1491, 1500, 44 L.Ed.2d 57 (1975). Predecisional documents are distinguished from postdecisional documents. Courts have ordered disclosure of postdecisional documents "to

(2) Information relating solely to agency personnel rules and practices. *Id.*, § 552(b)(2);

(3) Information "specifically exempted from disclosure by statute." *Id.*, § 552(b)(3);

(4) Trade secrets and commercial or financial information obtained from a person or privileged and confidential information. *Id.*, § 552(b)(4);

(5) Interagency or intra-agency memoranda or letters that would be unavailable by law to a party other than an agency in litigation with the agency. *Id.*, § 552(b)(5);

(6) Information found in medical, personnel, or similar files and other places in which disclosure would constitute a clearly unwarranted invasion of personal privacy. *Id.*, § 552(b)(6);

(7) Materials compiled for law enforcement purposes, if disclosure may interfere with enforcement, deprive the right to a fair trial, result in an unwarranted invasions of personal privacy, reveal a confidential source, disclose the techniques or procedures involved in investigation, or endanger an individual's safety. *Id.*, § 552(b)(7)(A)–(F);

(8) Information relating to an agency's involvement with the regulation or supervision of a financial institution. *Id.*, § 552(b)(8);

(9) Information relating to geological and geophysical matters. *Id.*, § 552(b)(9).

*See also*, Note, *Shielding Agency Deliberations From FOIA Disclosure*, 57 Geo.Wash.L.Rev.1326. n. 2 (1989); Annotation, *Scope of Judicial Review Under Freedom of Information Act (5 U.S.C. § 552(a)(3)) of Administrative Agency's Withholding of Records*, 7 A.L.R.Fed. 876 (1971).

**3.** *See, Id.;* R. Bouchard & J. Franklin, Guidebook to the Freedom of Information Act and Privacy Act 80 (2d ed. Supp. March 1988).

**4.** *See, e.g.*, 1 K. Davis, *The Administrative Law Treatise* 405 (1978); 2 J. O'Reilly, *Federal Information Disclosure Procedures, Forms and the Law* ch. 15, at 2 (1983) (noting the exemption's controversial nature); Note, *The Freedom of Information Act and the Exemption for Intra–Agency Memoranda*, 86 Har.L.Rev.1047, 1048 (1973).

**5.** Exemption five encompasses the attorney work product privilege, the attorney-client privilege, statutory and common law privileges as well as those discussed herein. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149–54, 95 S.Ct. 1504, 1515–18, 44 L.Ed.2d 29 (1975).

prevent bodies of 'secret law' from being built up and applied by government agencies." *Quarles v. Dep't of the Navy*, 893 F.2d 390, (D.C.Cir.1990); *Schwartz v. IRS*, 511 F.2d 1303, 1305 (D.C.Cir.1975).

 Documents that reflect the mental processes of the government are deliberative, and can be withheld from production. Nonfinal drafts, by their very nature, are typically predecisional and deliberative materials because they reflect a tentative view and are subject to later revision. *Exxon Corp. v. Dep't of Energy*, 585 F.Supp. 690 (D.D.C.1983). Nevertheless, an agency cannot avoid disclosing nondeliberative or predecisional material merely by placing it in draft form. *See, Dudman Communications Corp. v. Dep't of the Air Force*, 815 F.2d 1565, 1569 (D.C.Cir. 1987).

 Purely factual material is not exempt; only material relating to opinion, policy, theory, or recommendations is exempt. Purely factual material must be disclosed to the extent possible without compromising the private remainder of the document. *EPA v. Mink*, 410 U.S. 73, 91, 93 S.Ct. 827, 837, 35 L.Ed.2d 119 (1973); *Dudman*, at 1569; *Playboy Enterprises, Inc. v. Dep't of Justice*, 677 F.2d 931, 935 (D.C. Cir.1982); *Mead Data Central, Inc. v. Dep't of the Air Force*, 566 F.2d 242, 256 (D.C.Cir.1977). Thus, where factual information is selectively compiled, so that disclosure would reflect what the agency considers relevant in a particular case, the privilege applies. *Mead Data Central*, at 256; *Dudman*, at 1568. At times, courts have allowed withholding of documents that are completely factual, but are prepared selectively by decisionmakers. *See, Lead Industries Ass'n v. OSHA*, 610 F.2d 70, 85 (2d Cir.1979); *Washington Research Project v. HEW*, 504 F.2d 238, 250–51 (D.C. Cir.1974); *Montrose Chemical Corp. v. Train*, 491 F.2d 63 (D.C.Cir.1974). The purpose of withholding purely factual information is to prevent premature disclosure of policy-related materials before the

policies have been finally formulated or adopted. *Coastal States*, at 866. Where an entire document is a matter of public record, in the agency's possession, and not compiled selectively, the document should be produced.

 The agency bears the burden of justifying its decision to withhold. 5 U.S.C. § 552(a)(4)(B). The agency must initially provide a "detailed analysis" of the requested documents and the reasons for invoking a particular exemption. *Teichgraeber, supra; Antonelli v. FBI*, 721 F.2d 615, 617 (7th Cir.1983); *Vaughn v. Rosen*, 484 F.2d 820, 823–28 (D.C.Cir.1973). To this end, the government has supplied the court with a comprehensive index of the documents.[6] The index identifies the documents without revealing their specific contents. We encourage the use of such indices in the *in camera* review process.

 The court has reviewed the content summary of each withheld document and has analyzed the claimed exemptions, using the defendant's index. In each case the withheld document deals with the new Denver airport. The documents cover these areas: internal comments, opinions, and discussions on impact of new airport on local airports and airstrips including Van Aire Airport; internal comments from various FAA offices; effect of airport on strategy of FAA at public hearings on airport questions; internal governmental comments and briefings on Environmental Impact Statement (EIS); DOT and other agencies' technical suggestions on Denver airport and draft EIS; comments from several government agencies regarding draft Denver airport EIS strategies; draft of letter to Denver and State of Colorado officials on issues of Denver airport; comments, suggestions and legal observations from government attorneys; potential funding and budgeting from government sources; drafts of legal briefs in existing law suits; comments regarding flight standards; proposed intergovernmental agreements.

---

6. Such an index is commonly known as a *Vaughn* index, first required in the *Vaughn* case cited herein. 57 Geo.Wash.L.Rev. at 1331, n. 50.

Based on our careful analysis of each document against the backdrop of principles applicable to exemption five, we enter the following order.

### ORDER

ACCORDINGLY, it is hereby ORDERED as follows:

Defendant FAA is justified in withholding the following whole documents from plaintiff, as numbered on both the document and in defendant's index: 8, 14, 16, 23, 26–7, 33–4, 40, 42, 48–51, 53–4, 56–67, 69–70, 73–7, 83–7, 99, 103, 110, 114, 117–21, 123, 125, 131, 134–36, 138–39, 143–45, 147–52, 154–62, 164–66, 168, 172–92. It is further

ORDERED that FAA is justified in withholding the following partial documents to plaintiff, according to its submission to the court for *in camera* review: 1–7, 9–13, 15, 17–22, 24–5, 28–32, 35–9, 41, 43–7, 52, 55, 68, 71–2, 78–82, 88–98, 100–02, 104–09, 111–13, 115–16, 122, 124, 126–30, 132–33, 137, 140–42, 146, 153, 163, 167, 169–71. It is further

ORDERED that each party shall bear its own costs and attorney's fees; it is further

ORDERED that all outstanding motions are DENIED as moot; it is further

ORDERED that the Clerk of the Court shall enter judgment against the plaintiff and in favor of the defendant.