Michael H. **FRITZ**, Plaintiff,

v.

**INTERNAL REVENUE SERVICE,**
**Defendant.**

**No. 94–C–10–S.**

United States District Court,
W.D. Wisconsin.

May 27, 1994.

Michael H. Fritz, pro se.

Gerald A. Role, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

### MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff commenced this action on December 13, 1993 in the Circuit Court for Portage County, Wisconsin alleging the defendant Internal Revenue Service failed to answer his Freedom of Information Act request dated August 11, 1993. Defendant removed the action to this Court on January 4, 1994.

On April 15, 1994 defendant moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact and conclusions of law, affidavits and a brief in support thereof. Plaintiff also moved for summary judgment. These motions have been fully briefed and are ready for decision.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### FACTS

For purposes of deciding the motions for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Michael H. Fritz resides in Stevens Point, Wisconsin. By letter dated August 11, 1993 plaintiff submitted a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 to the defendant's Milwaukee District disclosure office. It was received on September 14, 1993.

The request sought the name of the person who had purchased plaintiff's automobile which had been seized by the defendant, a copy of Record 21 and a complete accounting of all funds and property seized from plaintiff by defendant from 1991 through 1993. The request also asked the following three questions:

What were the records and statutes upon which defendant relied to determine that plaintiff had a liability to the corporate United States government?

What records did defendant use to determine that plaintiff is the object of and subject to revenue laws?

Is the income tax voluntary or mandatory? If mandatory, provide the public law cite.

By letters dated September 28, 1993, November 4, 1993, December 3, 1993 and January 3, 1994 the Milwaukee disclosure office requested additional time in which to respond to the request. By letter dated January 25, 1994 the office responded to plaintiff's request. Two documents, Form 2345, Certificate of Sale of Seized Property and Form 2436, Seized Property Sale Report, were released to him but he was not provided the name and/or address of the person who purchased the automobile.

## MEMORANDUM

■ Plaintiff claims that defendant failed to produce the documents requested. Plaintiff sought the name and/or address of the purchaser of the automobile seized by the defendant. Plaintiff was provided with copies of Form 2345, Certificate of Sale of Seized Property and Form 2436, Seized Property Sale Report, with the name of the automobile's purchaser redacted from the documents. Defendant claims that this information is exempted from disclosure by Exemptions 3 and 7(C) of the FOIA.

FOIA Exemption 3 states that the FOIA does not apply to information

specifically exempted from disclosure by statute (other than section 522b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3). 26 U.S.C. § 6103 has been held to be a statute referred to in this exemption. *See King v. IRS*, 688 F.2d 488, 496 (7th Cir.1982).

■ Section 6103 prohibits the disclosure of return or return information by any employee or officer of the United States except to persons authorized to inspect tax returns "if the Secretary determines that such disclosure would not seriously impair Federal tax administration." 26 U.S.C. § 6103(e)(7). The Secretary has determined that disclosure of the name of a purchaser of a seized automobile would impair tax administration because people would be less likely to purchase seized property if their identity were to be revealed to the delinquent taxpayer.

■ Defendant also claims that the purchaser's identity is exempt under 5 U.S.C. § 552(b)(7)(C) which provides as follows:

This section [of the FOIA] does not apply to matters that are ... (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy ...

In applying this exemption the public interest must be balanced against the invasion of personal privacy. Plaintiff has shown no public interest for disclosure of the purchaser's name and address which would outweigh that person's privacy interest. *See Antonelli v. FBI*, 721 F.2d 615 (7th Cir.1983). The person's name and address who purchased plaintiff's seized automobile is exempt from disclosure to plaintiff under the FOIA.

■ Plaintiff also argues that defendant should have responded to his three questions. The FOIA is a means of obtaining agency records, not a vehicle for interrogating the agency. *Zemansky v. E.P.A.*, 767 F.2d 569, 573–574 (9th Cir.1985).

Defendant did not violate the Freedom of Information act and is entitled to judgment in its favor. Defendant's motion for summary judgment will be granted and plaintiff's motion will be denied.

## ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of the defendant and against plaintiff DISMISSING his complaint and all claims contained therein with prejudice and costs.