NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2009[*]
Decided August 18, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1451

| | |
|---|---|
| WILLIAM E. HAWKINS,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court<br>for the Southern District of Illinois. |
| *v.* | No. 05-278-GPM |
| DRUG ENFORCEMENT<br>ADMINISTRATION, et al.,<br>*Defendant-Appellee*. | G. Patrick Murphy,<br>*Judge*. |

**O R D E R**

William Hawkins is serving more than 30 years in federal prison for his role in a drug conspiracy. *See United States v. Hawkins*, No. 98-3504, 1999 WL 402414, *1 (7th Cir. June 11, 1999) (unpublished order). Years after his 1992 trial he demanded that the Drug Enforcement Administration and several other law-enforcement agencies within the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Department of Justice turn over, under the Freedom of Information Act, 5 U.S.C. § 552, information about fourteen of the government's trial witnesses. Hawkins asked for the dates and amounts of any payments to these witnesses, their arrest records, and any "informant files" kept for them. Hawkins received some records with redactions, but was told that other records were being withheld under several exemptions. The only one relevant here is exemption 7(C), *see* 5 U.S.C. § 552(b)(7)(C), which provides that law-enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy" are exempt from disclosure.

Hawkins then sued to compel release of the records he seeks. *See* 5 U.S.C. § 552(a)(4)(B). The defendants collectively reasserted that exemption 7(C) protects those records from disclosure. Hawkins moved for summary judgment and asked the district court to order the agencies to produce a litany of information about each of the fourteen witnesses, many of them codefendants and all of them his friends or associates during the ongoing conspiracy. Hawkins demanded records of payments or other consideration given to the witnesses, documentation of inducements given for their testimony, records of drug purchases they arranged while cooperating with the government, correspondence or other documents the government received from the witnesses, and any "informant files" containing specific DEA and FBI forms. In response, the agencies filed a cross-motion for summary judgment relying on exemption 7(C). Attached were sworn "*Vaughn* declarations" detailing how the agencies processed the FOIA requests from Hawkins and explaining why documents were withheld under exemption 7(C). *See Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973). The district court conducted a telephonic hearing on the competing motions, and Hawkins argued that the privacy rights of the fourteen witnesses were extinguished when they testified in open court. The court took the matter under advisement but ultimately granted summary judgment for the agencies, explaining that the case was "the typical FOIA case in which a prisoner wants to obtain information that is protected by personal privacy exemptions in order to challenge his conviction."

On appeal, Hawkins has narrowed his argument. He now contends only that he was entitled to records of inducements given the witnesses in exchange for their testimony. He does not dispute that exemption 7(C) is applicable, and he no longer presses his argument that the witnesses waived any residual privacy interest by testifying for the government. Rather, in this court Hawkins takes the position that the district court failed to apply the correct analysis in concluding that disclosure is not required. Hawkins argues that the district court should have applied a balancing test to decide whether the public's interest in the records he wants from his criminal case outweighs the privacy interests of the individuals those documents are about. *See United States Dep't of Justice v. Reporters Comm. For Freedom of the Press,* 489 U.S. 749, 762 (1989); *Peltier v. FBI,* 563 F.3d 754, 762-63 (8th Cir. 2009). The district court did not apply this balancing test, Hawkins insists, but

instead improperly focused on who he is and why he wants the records. *See United States Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 496 (1994).

Hawkins is correct that the identity of the requesting party and the motivation for a FOIA request are irrelevant. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149 (1975); *Bassiouni v. CIA,* 392 F.3d 244, 245-46 (7th Cir. 2004). That is because FOIA's purpose is to ensure an informed citizenry, not to serve as a discovery tool. *See Bensman v. United States Forest Service*, 408 F.3d 945, 958 (7th Cir. 2005); *Antonelli v. FBI,* 721 F.2d 615, 619 (7th Cir. 1983). And so Hawkins is also correct in arguing that exemption 7(C) turns on the competing interests in public disclosure and individual privacy. But Hawkins misinterprets the district court's ruling and fails to appreciate that the court did balance the relevant interests. That balancing, as the district court recognized, tips sharply in favor of nondisclosure because a prisoner's interest in attacking his own conviction is not a public interest. *See Peltier,* 563 F.3d at, 764; *Neely v. FBI*, 208 F.3d 461, 464 (2000); *Antonelli,* 721 F.2d at 619. The only relevant public interest that may be balanced against the privacy interests protected by exemption 7(C) is bringing to light how an agency performs its statutory duties. *Reporters Comm.*, 487 U.S. at 773; *Lakin Law Firm, P.C. v. FTC*, 352 F.3d 1122, 1125 (7th Cir. 2003); *Fed. Labor Relations Auth. v. US Dep't of Veterans Affairs* 958 F.2d 503, 509 (2nd Cir. 1992).

The district court concluded that the only interest advanced by Hawkins was his personal desire to uncover some record that might aid a challenge to his convictions. Hawkins counters that the public has a right to know what consideration the government offers to individuals for their testimony. He cites to *Bennett v. Drug Enforcement Administration*, 55 F. Supp 2d 36, 42-43 (D.D.C. 1999), where the court found in favor of a prisoner plaintiff who was seeking through FOIA information about a government informant involved in his prosecution. But in that case the plaintiff produced evidence that the informant, who had made a career of his informant status, had been paid as much as $4 million by the government to testify in a number of trials, and that the agency continued to sponsor the informant even while knowing about instances of perjury and other continuing criminal conduct. *Id.* at 42. That evidence suggested a public interest beyond any personal interest the plaintiff may have had. Hawkins, by contrast, offers no hint of government misconduct that would be brought to light by records of inducements in his case. Although the witnesses testified at his trial, that did not wholly extinguish their privacy interests. *See Reporters Comm.*, 489 U.S. at 762; *Burge v. Eastburn*, 934 F.2d 577, 579 (5th Cir. 1991). The remaining privacy interests of the fourteen witnesses outweigh the nonexistent public interest in disclosure in this case, and so summary judgment was appropriate.

AFFIRMED.