**Gerald L. BURGE, Plaintiff–Appellant,**

v.

**Joseph EASTBURN, Agent of the Federal Bureau of Investigation, et al., Defendants–Appellees.**

**No. 89–3476.**

United States Court of Appeals, Fifth Circuit.

April 10, 1991.

---

**578**

H.R. Alexander, Mandeville, La. (Court-appointed), for plaintiff-appellant.

Gerald L. Burge, pro se.

John F. Daly, Atty., Appellate Staff, Civ. Div., Susan Sleater, Leonard Schaitman, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before THORNBERRY, JOLLY, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Invoking the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (Supp.1991), plaintiff Gerald Burge seeks disclosure of witness statements on file with the Federal Bureau of Investigation ("FBI"). Because these statements are protected from release under exemption (7)(C), 5 U.S.C. § 552(b)(7)(C), we agree with the district court that the statements must remain undisclosed.

**I.**

Douglas Frierson was murdered in 1980 in Louisiana. While the state criminal investigation proceeded, the FBI simultaneously investigated possible civil rights violations connected to that murder. In the course of its investigation, Burge claims the FBI took statements from numerous individuals.[1]

In 1986, a Louisiana jury convicted Burge of murdering Frierson. After unsuccessful appeals, Burge filed a motion for a new trial. As defense counsel prepared that motion, he discovered a number of witness statements that the state had failed to produce pursuant to Burge's timely *Brady* request.[2] In light of these discoveries, the court ordered a new trial.

Burge requested, from the FBI, statements it had allegedly taken pertaining to the Frierson murder, believing that such statements would differ from those given at trial. The FBI refused to release the documents without notarized authorizations from the individuals who purportedly had given the statements.

After an unsuccessful administrative appeal, Burge sought to obtain the statements through a FOIA suit.[3] The district court refused to order disclosure of the statements, citing statutory language that exempts this kind of information from release.

**II.**

The FOIA reflects " 'a general philosophy of full agency disclosure.' " *Department of the Air Force v. Rose*, 425 U.S. 352, 360, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976) (quoting S.Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)). Section 552(a)(3) of title 5 requires every agency "upon any request for records which ... reasonably describes" certain records to make such records "promptly available to any person." 5 U.S.C. § 552(a)(3) (1977). Section 552(a)(4)(B) confers jurisdiction on the district courts to entertain FOIA actions.

**A.**

Despite the FOIA's general philosophy and the mechanism designed to carry it out, Congress exempted certain categories

---

**1.** The FBI refuses to acknowledge whether the individuals named in Burge's request in fact gave statements at all. It asserts that even this disclosure would violate those persons' privacy interest.

**2.** *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**3.** The district court had jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (1977). This court has

jurisdiction under 28 U.S.C. § 1291, for the denial of a FOIA request is a "final order." *See Mahdavi v. Central Intelligence Agency,* 898 F.2d 156 (9th Cir.) (unpublished), *cert. denied,* — U.S. ——, 111 S.Ct. 105, 112 L.Ed.2d 75 (1990); *Lewis v. Internal Revenue Serv.,* 823 F.2d 375, 377 (9th Cir.1987); *Mada–Luna v. Fitzpatrick,* 813 F.2d 1006, 1009 (9th Cir.1987); *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 741 (9th Cir.1979).

of documents from disclosure. Primarily at issue in this case is exemption 7(C), which excludes from disclosure records or information compiled for law enforcement purposes "to the extent that the production of such [materials] ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C) (Supp.1991).

Judicial interpretation of the FOIA's exemption provisions has engendered a three-part test:

> The first step is to identify and evaluate the specific privacy interests implicated by the information encompassed by the disclosure request. *See* [*Department of Justice v. Reporters Committee for the Freedom of the Press*, 489 U.S. 749, 762–71, 109 S.Ct. 1468, 1476–80, 103 L.Ed.2d 774 (1989)]; *Lesar v. Department of Justice*, 636 F.2d 472, 488 (D.C.Cir.1980). Conversely, the next step is to identify and evaluate the particular public interests that may be served—or disserved—by disclosure of the information. *See Reporters Committee*, [489 U.S. at 771–75, 109 S.Ct. at 1480–83]. Only after first examining each interest do we perform the actual weighing of the interests for and against disclosure.

*Halloran v. Veterans Admin.*, 874 F.2d 315, 319 (5th Cir.1989).

■ In this case, Burge seeks to uncover statements about a murder he is accused of committing. Among those who allegedly proffered statements are relatives of the murder victim. A significant privacy interest plainly is at stake. As we stated in *Halloran*, "persons who are not the subjects of the investigation may nonetheless have their privacy invaded by having their identities and information about them revealed in connection with the investigation." [4]

Burge argues that the persons who purportedly gave statements to the FBI have waived their privacy right by testifying about the murder in open court. This argument is without merit. In *Reporters Committee*, the Court rejected a similar argument. In that case, the plaintiffs sought the release of certain individuals' "rap sheets." They argued that those persons' privacy concerns were marginal "[b]ecause events summarized in a rap sheet have been previously disclosed to the public." 489 U.S. at 762, 109 S.Ct. at 1476.

We held to the same effect in *Halloran*, where the plaintiff sought to uncover transcripts of conversations secretly taped by the Veterans Administration during investigations into alleged fraud. The plaintiff sought to use that information in civil litigation. In an effort to undermine the privacy interest at stake, the plaintiff argued that the information had already been public and was thus not "private." Citing *Reporters Committee*, *id.* at 763, 767, 109 S.Ct. at 1476, 1478, we stated "that otherwise-private information may have been at one time or in some way in the 'public' domain does not mean that a person irretrievably loses his or her privacy interests in it." 874 F.2d at 322.

Furthermore, in the instant case the information sought is not necessarily identical to that contained in the testimony. The fact that both may refer to the same event, in light of the foregoing cases, is plainly not enough to diminish significantly the privacy interest at issue here; in fact, the case for preserving secrecy is even stronger where, as in this case, the information was never released, whereas in *Reporters Committee* it previously had been disclosed.

Balanced against the significant privacy interest involved in this case is the public interest in disclosure. Burge contends that disclosure would serve the public interest in insuring his "constitutional right to a fair and impartial adjudication of plaintiff's guilt or innocence at a trial." He also asserts that the public interest will be served by "send[ing] notice that the Government will not protect individuals from the consequences of their acts by withholding their statements from public

---

4. 874 F.2d at 320–21 (citing *McCorstin v. Department of Labor*, 630 F.2d 242, 245 (5th Cir.1980) (per curiam) ("Exemption 7(C) is intended to protect the privacy of any person mentioned in the requested files, not only the person who is the object of the investigation."), *cert. denied*, 450 U.S. 999, 101 S.Ct. 1705, 68 L.Ed.2d 201 (1981)).

scrutiny when those statements are at odds with their sworn testimony in a jury trial."

■ Although there is undoubtedly a public interest in fair trials and perhaps, more specifically, in the contents of the alleged statements to the FBI, this is not the kind of public interest that compels disclosure. As the Court stated in *Reporters Committee,*

> This basic policy of " 'full agency disclosure unless information is exempted under clearly delineated statutory language,' " *Department of Air Force v. Rose,* 425 U.S., at 360–61 [96 S.Ct., at 1599] (quoting S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)), indeed focuses on the citizens' right to be informed about 'what their government is up to.' Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct.

489 U.S. at 773, 109 S.Ct. at 1481. As in *Reporters Committee,* the requester in this case "does not intend to discover anything about the conduct of the agency that has possession of the requested records." *Id.*

When the significant privacy interest is weighed against the nonexistent FOIA-related public interest in this case, the result is apparent: The FOIA does not require the FBI to release the requested witness statements to Burge. Although we appreciate the important use to which Burge might put these documents, our cases indicate that a requester's need, however significant, does not warrant disclosure in the face of a plainly applicable exemption.

### B.

■ Burge further argues that exemption 7(B) entitles him to the statements. This provision exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information … would deprive a person of a right to a fair trial or an impartial adjudication." 5

U.S.C. § 552(b)(7)(B) (Supp.1991). Burge contends that because the FOIA *exempts* from disclosure documents the release of which might *undermine* a fair trial, we should *mandate* disclosure of information that would *enhance* a criminal defendant's right to an impartial adjudication.

Despite its resourcefulness,[5] we reject this argument, for it misstates the fundamental structure of the FOIA. Subsection (a) of section 552 creates the affirmative entitlement to certain government records; subsection (b) lists a number of exemptions from the general rule. If any one of the exemptions in subsection (b) applies, then the agency may refuse to disclose the requested information, without regard to the other exemptions. Accordingly, our analysis ends with the finding that exemption 7(C) protects the requested witness statements from disclosure.

■ Furthermore, the FOIA exemptions, by their very nature, do not create affirmative grounds for disclosure. To conclude otherwise would be to amend judicially a carefully crafted statute. This we decline to do.

AFFIRMED.

**5.** The court appreciates the able advocacy of Burge's court-appointed counsel in this appeal.