Ronald Lee PARTON, Appellee,

v.

UNITED STATES DEPARTMENT OF JUSTICE, and William French Smith, Attorney General of the United States, Appellants.

No. 83–1197.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1983.

Decided Feb. 17, 1984.

---

J. Paul McGrath, Asst. Atty. Gen., Robert G. Ulrich, U.S. Atty., Leonard Schaitman, Alfred R. Mollin, Attys. Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for appellants.

John W. Inglish, James W. Riner, Jefferson City, Mo., for appellee.

Before ROSS and ARNOLD, Circuit Judges, and MURPHY, District Judge.*

ROSS, Circuit Judge.

In August 1980, appellee Parton was incarcerated at the Missouri State Prison. Parton alleges he was beaten and abused by the warden and other prison officials for his participation in a hunger strike. Shortly thereafter, Parton's father made a complaint to the Federal Bureau of Investigation (FBI), insisting his son had been harmed and would be harmed again, possibly even killed, by prison officials. In re-

sponse to this complaint, the FBI conducted an investigation during which Parton, Warden Wyrick, other prison officials, and other inmates were interviewed as to their knowledge of such an attack on Parton. The FBI ultimately concluded that no civil rights action would be brought against Warden Wyrick.

Parton brought this action pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended. Parton sought to recover the various materials compiled by the FBI in the course of its investigation. The FBI only released a portion of the material requested by Parton and further refused to reveal the identities or any statements which would reveal the identities of the prison officials and inmates interviewed during the investigation. After exhausting all administrative remedies, Parton brought this action in district court. Thereafter, the FBI moved for summary judgment. In support of its motion for summary judgment, the FBI submitted the affidavit of Special Agent Robert Chester (Chester affidavit) which set forth with particularity the exemption claimed for each withholding and the reasons why the claimed exemption is applicable to each item requested by Parton. The district court granted the FBI's motion with regard to all withholdings except the withholding of the identities of prison officials who had given statements to the FBI. As to the disclosure of these identities, the court ignored the FBI's claim of exemption 7(D) and based its holding on the inapplicability of exemption 7(C).[1]

On appeal, the Department of Justice contends that the district court erred in requiring disclosure of the identity and statements of prison employees. For the reasons set forth herein, we reverse the

* The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by designation.

1. 5 U.S.C. § 552(b)(7), in pertinent part, exempts from mandatory disclosure:
(7) Investigatory records compiled for law enforcement purposes, but only to the extent that the product of such records would * * *

(C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement agency in the course of conducting a criminal investigation * * *, confidential information furnished only by the confidential source.

order of the district court and hold that all material withheld from Parton is exempt from disclosure under exemption 7(D).

■ Before entering into an analysis of the issue before the court, a brief overview of the relevant statutory framework is necessary. The purpose of the FOIA is to allow public access to official information unnecessarily shielded from the public view. *EPA v. Mink,* 410 U.S. 73, 80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973). It is well established that FOIA exemptions are to be narrowly construed in accordance with the legislative purpose of Congress that disclosure rather than secrecy is the dominant objective of the FOIA. *Department of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). The Act provides that the district court is to make a de novo review of the administrative claim of exemption, and that the burden of justifying the decision to withhold is on the agency. 5 U.S.C. § 552(a)(4)(B).

When asserting that requested information is exempt from disclosure, agencies usually follow the procedures prescribed in *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Under *Vaughn,* the agency must provide a "detailed analysis" of the request and the reasons for invoking an exemption to satisfy the initial burden of justification under the Act. *Antonelli v. FBI,* 721 F.2d 615, 617 (7th Cir.1983). In the case at bar, this procedure was followed by the submission of the Chester affidavit in support of the FBI's motion for summary judgment. This court, in *Cox v. U.S. Dept. of Justice,* 576 F.2d 1302, 1312 (8th Cir.1978), enunciated the proper standard of review of the affidavit as follows:

> The federal courts and federal judges are ill-suited to assume the role of super-administrator in FOIA cases. A court's primary role, therefore, is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position, utilizing an *in camera* examination of the manual itself as an aid in determining whether the

Government's affidavits are accurate and made in good faith. If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

The legislative history of the amendment of the FOIA exemptions clearly shows that Congress intended exemption 7(D) would require nondisclosure under the facts of this case. Senator Hart, who introduced the amendment was quite concerned about preserving the confidential information and source provisions of exemption 7(D). Therefore, Senator Hart was specific in identifying precisely what the FBI's burden of justification was for withholding information:

> [T]he agency not only can withhold information which would disclose the identify of a confidential source but also can provide blanket protection for any information supplied by a confidential source. The President is therefore mistaken in his statement that the FBI must prove that disclosure would reveal an informer's identity; all the FBI has to do is to state the information was furnished by a confidential source and it is exempt.

120 Cong.Rec. S36871 (Remarks of Sen. Hart) (1974), *reprinted in* FOIA Source Book at 451.

See *Miller v. Bell,* 661 F.2d 623, 626–27 (7th Cir.1981), *cert. denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982).

■ We find that the Chester affidavit adequately stated its grounds for nondisclosure under exemption 7(D). The Chester affidavit clearly shows that the prison officials who provided information did so under circumstances from which assurances of confidentiality could reasonably be inferred. If these identities were disclosed, not only could future investigations be hindered,

but, there is a high probability of reprisal for those who chose to cooperate in the investigation. These justifications for withholding information under 7(D) were also deemed adequate by the Fourth Circuit in a similar case. See *Nix v. United States*, 572 F.2d 998, 1004 (4th Cir.1978).

█ Due to the circumstances present in this suit, it is also well to note that it is not the purpose of the Act to benefit private litigants by serving as a supplement to the rules of civil discovery. *Miller v. Bell, supra*, 661 F.2d at 626. The right of Parton to subpoena these materials in his civil action is not decided in this case. We express no opinion on that question. Our holding is based solely on Parton's right to compel public access to the materials compiled in the FBI investigations under the FOIA.

In conclusion, we find that the identities and statements of prison officials are exempt from disclosure under exemption 7(D). Accordingly, we reverse the order of the district court as it requires disclosure of prison officials' identities with directions to enter judgment for the appellants.