**James CLEARY, Appellant,**

v.

**FEDERAL BUREAU OF INVESTIGATION,**
**Appellee.**

No. 86–1545.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1986.

Decided Feb. 5, 1987.

---

James P. Cleary, Phoenix, Ariz., for appellant.

Robert C. Dopf, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and WOLLMAN and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

James Cleary appeals the district court's [1] order sustaining the Federal Bureau of Investigation's claims of exemption concerning information requested by Cleary under the Freedom of Information Act, 5 U.S.C. § 552 (1982) (FOIA). The question presented in this case is whether the confidential source exemption, *id.* § 552(b)(7)(D), and the unwarranted invasion of personal privacy exemption, *id.* § 552(b)(7)(C), to the FOIA exempt from disclosure portions of F.B.I. documents containing the records, statements, and identities of persons contacted in the course of an F.B.I. investigation and the identities of the F.B.I. agents who conducted the investigation.

Cleary, a law professor who represents inmates at the Iowa State Penitentiary, claims that a shot was fired at his vehicle as he drove to the penitentiary to consult with inmate clients in preparation for a hearing. The F.B.I. conducted an investigation of the incident that included interviews with local law enforcement officials, persons from the prison, and representatives of the Iowa Attorney General's office. Upon the conclusion of the investigation, which uncovered insufficient information to warrant any criminal charges or further investigation, Cleary filed a FOIA request for all of the records relating to the investigation. The F.B.I., citing FOIA exemptions, refused to disclose all of the records and excised portions of the documents that were released to Cleary. The exemptions advanced by the F.B.I. were affirmed in an administrative appeal, and Cleary brought this action under the FOIA to force complete disclosure. The F.B.I. provided the district court with copies of the nondis-

---

1. The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

closed material for *in camera* review, and with a detailed analysis of Cleary's FOIA request and reasons for invoking exemptions.[2] The district court found in favor of the F.B.I., and we affirm.

The F.B.I. asserts that the information obtained from the persons it interviewed, including their statements and documents given to the F.B.I., is exempted from disclosure by the confidential source exemption.[3] In *Parton v. United States Dep't of Justice*, 727 F.2d 774, 776 (8th Cir.1984) (quoting *Cox v. United States Dep't of Justice*, 576 F.2d 1302, 1312 (8th Cir.1978)), the court stated the standard of review applicable to F.B.I. claims of FOIA exemptions:

> The federal courts and federal judges are ill-suited to assume the role of super-administrator in FOIA cases. A court's primary role, therefore, is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position, utilizing an *in camera* examination of the [material] itself as an aid in determining whether the Government's affidavits are accurate and made in good faith. If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

Utilizing this standard, the court concluded that the sources in that case had provided information "under circumstances from which assurances of confidentiality could reasonably be inferred." *Parton*, 727 F.2d at 776. We reach the same conclusion in this case. The material submitted by the F.B.I. adequately states the grounds for invoking the confidential source exemption and establishes the requisite inferences of confidentiality. Disclosure of confidential information could hinder present and future law enforcement investigations, and in this case could affect relations between local and federal law enforcement agencies.

■ Cleary argues, however, that the confidential source exemption is unavailable because the identities of the confidential sources have been disclosed to him by the F.B.I. The F.B.I. does not claim the confidential source exemption as to the identities of its sources, but only as to the confidential information it obtained from them. Even if Cleary has learned the identities of the sources, that fact does not prevent the confidential source exemption from protecting the information that they gave to the F.B.I. "under circumstances from which assurances of confidentiality could reasonably be inferred." *Id.*

■ The F.B.I. further asserts that the identities of the persons it interviewed and the F.B.I. agents who conducted the investigation are exempted from disclosure by the unwarranted invasion of personal privacy exemption. In *Librach v. Federal Bureau of Investigation*, 587 F.2d 372, 373 (8th Cir.1978) (per curiam), *cert. denied*, 440 U.S. 910, 99 S.Ct. 1222, 59 L.Ed.2d 459 (1979), the court held that the privacy exemption protected the names of persons

---

2. The F.B.I. submitted the sworn declaration of an agent involved with FOIA requests to satisfy its burden of justification under the FOIA. *See Parton v. United States Dep't of Justice*, 727 F.2d 774, 776 (8th Cir.1984) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974)).

3. The confidential source exemption and the unwarranted invasion of personal privacy exemption are set out at 5 U.S.C. § 552(b)(7), which provides in part:

> (b) This section does not apply to matters that are—

\* \* \* \* \* \*

> (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would \* \* (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, \* \* \* confidential information furnished only by the confidential source[.]

who were investigated and those "who are otherwise mentioned" in F.B.I. documents. Furthermore, several courts of appeals have applied a balancing test that balances the interest in privacy against the public interest in disclosure and recognizes that "government officials have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives." *Baez v. United States Dep't of Justice*, 647 F.2d 1328, 1339 (D.C.Cir.1980); *see Johnson v. United States Dep't of Justice*, 739 F.2d 1514, 1519 (10th Cir.1984); *New England Apple Council v. Donovan*, 725 F.2d 139, 143 (1st Cir.1984); *Miller v. Bell*, 661 F.2d 623, 628-31 (7th Cir.1981), *cert. denied sub nom. Miller v. Webster*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982); *Nix v. United States*, 572 F.2d 998, 1005-06 (4th Cir.1978). The materials submitted by the F.B.I. indicate the agency's concern that disclosure of identities would, among other things, subject agents and sources to unnecessary questioning concerning the investigation, to subpoenas issued by private litigants in civil suits incidentally related to the investigation, and to harassment by persons who may carry grudges against individual agents or law enforcement officials. Although these privacy interests may be overborne by a greater public interest, *Nix*, 572 F.2d at 1006, we agree with the district court that there is no such public interest in this case.[4]

We conclude that the information obtained from the persons interviewed by the F.B.I. is exempt from disclosure under the confidential source exemption, and that the identities of the persons interviewed and the F.B.I. agents who conducted the investigation are exempt from disclosure under the unwarranted invasion of personal privacy exemption. Accordingly, the order of the district court is affirmed.

---

4. We join the *Parton* court in noting that it is not the purpose of the FOIA to benefit private litigants by serving as a supplement to the rules of discovery. *Parton*, 727 F.2d at 772. Cleary, by his own admission, has pursued this FOIA request to obtain information that might aid his litigation on behalf of the prisoners.