7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Vicki KOCH, Appellant,
v.
UNITED STATES POSTAL SERVICE, Appellee.
 No. 93-1487.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 1, 1993.
Filed: October 8, 1993.
 
 Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vicki L. Koch appeals the district court's[1] grant of summary judgment in favor of the United States Postal Service in this action brought under the Freedom of Information Act (FOIA). We affirm.
 
 
 2
 Koch filed this action alleging she had requested a Postal Service investigatory report which contained the identity of an informant who reported Koch threatened to bring a grenade into work on March 15, 1990. The Postal Service redacted the portions of the report that identified the informant, claiming the information was exempt under the FOIA, 5 U.S.C. §§ 552(b)(7)(C) and (D). Koch claimed the redaction violated the FOIA, and sought release of the full report.
 
 
 3
 The Postal Service and Koch both moved for summary judgment. The district court conducted an in camera review of the report, and then granted the Postal Service summary judgment and denied Koch's motion.
 
 
 4
 We review the evidence and conduct an in camera examination of the redacted material, and determine whether the government's affidavits in support of its position were accurate and made in good faith, and whether the asserted grounds justifying the exemption are reasonable and consistent with the applicable law. See Parton v. United States Dep't of Justice, 727 F.2d 774, 776 (8th Cir. 1984) (quoting Cox v. United States Dep't of Justice, 576 F.2d 1302, 1312 (8th Cir. 1978)). We agree with the district court that the report was compiled for law enforcement purposes, even though no formal criminal charges were filed against Koch. 5 U.S.C. § 552(b)(7).
 
 
 5
 Release of the entire report could reasonably be expected to constitute an unwarranted invasion of the informant's privacy under section 552(b)(7)(C). The personal privacy exemption protects individuals who are not the focus of agency records, but rather are only mentioned within records. See Cleary v. Federal Bureau of Investigation, 811 F.2d 421, 423-24 (8th Cir. 1987). We must balance the informant's privacy interest against the public's interest in disclosure. See id. The balancing test favors withholding the information. The informant's interest in maintaining confidentiality is considerable; as an informant of potentially criminal activities, the informant risked embarrassment, harassment, and emotional and physical retaliation. If anything, public interest supports maintaining the confidentiality of the report. Society wants to discourage criminal or otherwise nefarious activities. To further that end, society encourages individuals to report such activity to authorities. In light of recent violence in post offices, public safety concerns are especially significant in the context of postal workers.
 
 
 6
 Finally, the informant furnished information on a confidential basis, as required for exemption under section 552(b)(7)(D). See United States Dep't of Justice v. Landano, 113 S. Ct. 2014, 2024 (1993) (holding, under exemption 7(D), that confidentiality of source may be inferred if nature of crime investigated and witness's relation to the crime support such inference). Without question, release of the report would expose the informant's identity-the redacted information contains both the informant's name and sworn statement. In light of the nature of the alleged threat, and because the informant spoke with Postal Inspectors and made a sworn statement at their request, we conclude the informant provided the information under circumstances from which assurances of confidentiality could reasonably be inferred. See id.
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri