**Lori M. CROSKEY, Plaintiff,**

v.

**UNITED STATES OFFICE OF SPECIAL COUNSEL, Defendant.**

**CIV.A. 94–2756 SSH.**

United States District Court, District of Columbia.

June 23, 1998.

Lori M. Croskey, Arlington, VA, for pro se.

Wyneva Johnson, Asst. U.S. Atty., U.S. Attorney's Office, William E. Reukauf, Office of Special Counsel, Washington, DC, for Defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

Before the Court are plaintiff's motion for an *in camera* examination, defendant's opposition thereto, and plaintiff's reply. The Court also re-evaluates defendant's motion to dismiss or, in the alternative, for summary judgment, filed March 6, 1995, in light of the supplemental affidavit of William E. Reu-

kauf.[1] Upon consideration of the entire record, the Court denies plaintiff's motion for *in camera* review and grants defendant's motion.

### BACKGROUND

Plaintiff was employed as an Extension Librarian with the United States Army, Giessen Military Community, Germany, until her termination on May 28, 1982. Plaintiff contends that she was terminated in retaliation for preparing a report which disclosed problems in the library system and alleged financial mismanagement. Plaintiff further alleges that evidence used to justify her termination was fabricated and that her supervisor coerced other employees into making statements against her.

In December 1982, plaintiff filed a complaint with the United States Office of Special Counsel ("OSC") alleging that she had been arbitrarily and unfairly terminated from her position. After an investigation, the OSC concluded that there were no reasonable grounds to believe that plaintiff's discharge was improper and closed the investigation. On November 11, 1985, the Legal Director for the Government Accountability Project ("GAP") contacted the OSC on plaintiff's behalf and requested a copy of her 1983 OSC investigative file under the FOIA. In January 1986, the GAP provided the OSC with a copy of plaintiff's report. In response, the OSC reopened the investigation.

An OSC investigator, Donald Blake, complied a 61–page Report of Investigation ("ROI") and accompanying exhibits. On February 9, 1988, Blake distributed a copy of the ROI, along with exhibits and additional correspondence and documentation, to the Associate Special Counsel for Prosecution. After reviewing the ROI, the Special Counsel decided that the investigation into plaintiff's discharge should be closed.

On June 20, 1988, in response to plaintiff's multiple FOIA requests, the OSC agreed to a limited waiver of its attorney work product privilege and produced a redacted copy of pages 1–43 of the ROI. The OSC withheld the remainder of the ROI pursuant to Exemptions 5 and 7 of the FOIA. Plaintiff appealed, but the OSC affirmed its decision.

On September 29, 1994, plaintiff requested, pursuant to the Privacy Act, that a copy of the complete ROI be provided to her. Plaintiff also requested that the first 43 redacted pages that were provided to her be corrected. The OSC denied her request, noting that the ROI was "exempt from the Privacy Act's access and amendment provisions" under 5 U.S.C. § 552a(k)(2) and 5 C.F.R. § 1830.5. This decision was affirmed on appeal. Plaintiff, proceeding *pro se*, filed the instant action requesting relief under the Privacy Act and the FOIA on December 27, 1994.

### STANDARD OF REVIEW

A motion to dismiss should not be granted "unless plaintiff [ ] can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir. 1994); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). All factual doubts must be resolved and all inferences made in favor of the plaintiff. *Tele–Communications of Key West, Inc. v. United States,* 757 F.2d 1330, 1334–35 (D.C.Cir. 1985). Moreover, in order for a *pro se* litigant's claim to be dismissed, it must appear beyond a doubt that she cannot prove a set of facts to support her claims. *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C.Cir.1981).

■ In the event matters outside the pleadings are presented to and not excluded by the court, and the court assures itself that

---

**1.** Plaintiff brought this civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, seeking production and amendment of certain documents. The Court granted defendant's motion to dismiss on *res judicata* grounds, based on the government's representation that plaintiff had previously sought and been denied the same materials in another civil case. On appeal, how-

ever, for the first time it became clear that the documents at issue in the previous case were not exactly the same as the documents sought in the instant action. Based upon that revelation, the Court of Appeals quite properly vacated this Court's judgment and remanded the case for further proceedings. *Croskey v. United States Office of Special Counsel,* 132 F.3d 1480 (D.C.Cir.1997).

such treatment would be fair to both parties, a motion to dismiss may be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(b); *Americable Int'l, Inc. v. Department of the Navy,* 129 F.3d 1271, 1274 n. 5 (D.C.Cir.1997); *Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1227 (D.C.Cir.1993) (Mikva, J., dissenting). Summary judgment may only be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A district court may grant summary judgment to the government in a FOIA case if the agency submits clear, specific, and reasonably detailed affidavits which " 'describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed.' " *PHE, Inc. v. Department of Justice,* 983 F.2d 248, 250 (D.C.Cir.1993) (quoting *King v. U.S. Department of Justice,* 830 F.2d 210, 217 (D.C.Cir.1987)).

### DISCUSSION

■ Defendant first contends that plaintiff's Privacy Act claim is barred because the ROI is exempt from the access and amendment provisions of the Privacy Act. The Court agrees. According to 5 U.S.C. § 552a(k)(2):

> (k) *Specific Exemptions.* The head of any agency may promulgate rules ... to exempt any system of records within the agency from subsection[ ] ... (d) ... of this section if the system of records is—
>
> .　　.　　.　　.　　.
>
> (2) investigatory material complied for law enforcement purposes, other than material within the scope of subsection (j)(2) of this section ....

The OSC has promulgated such a rule exempting investigatory materials, explaining that "[t]he exemptions for investigatory material are necessary to prevent frustration of

inquiries into allegations of prohibited personnel practices or political activity and to protect identities of confidential sources of information." 5 C.F.R. § 1830.5. The ROI, which was developed in order to determine whether plaintiff had been fired for legitimate or retaliatory reasons, clearly falls within this exemption. *See also Doe v. FBI,* 936 F.2d 1346, 1357–58 (D.C.Cir.1991). Thus, the Court grants defendant's motion to dismiss plaintiff's Privacy Act claims.

■ Defendant next contends that it is entitled to summary judgment on plaintiff's FOIA claims because redacted portions of the ROI were properly withheld based on Exemptions 5 and 7(C) of the FOIA.[2] Under Exemption 5, an agency may withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption incorporates the government's common law privileges against discovery in litigation, including the attorney work product and deliberative process privileges. *See NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150–54, 95 S.Ct. 1504, 1516–18, 44 L.Ed.2d 29 (1975); *Access Reports v. Department of Justice,* 926 F.2d 1192, 1194 (D.C.Cir.1991).

The attorney work product privilege incorporated into Exemption 5 is designed to protect documents prepared by an attorney or someone working on behalf of an attorney in anticipation of litigation which may disclose the attorney's "mental impressions, conclusions, opinions, or legal theories." Fed. R.Civ.P. 26(b)(3); *see also Sears,* 421 U.S. at 154; *Hickman v. Taylor,* 329 U.S. 495, 509–10, 67 S.Ct. 385, 392–93, 91 L.Ed. 451 (1947). It is clear that the ROI was produced at the behest of an attorney and "in anticipation of litigation," since the goal of the investigation was to determine whether the Army had violated the law when it terminated plaintiff. *See* Affidavit of William E. Reukauf ¶¶ 10, 13–14 (Dec. 19, 1997) [hereinafter "Reukauf II Aff."]; *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1203 (D.C.Cir.1991) (holding that documents prepared "in the course of an active investigation focusing upon specific

---

**2.** Because defendant's submissions are sufficient to allow the Court to evaluate the redactions

from the ROI, plaintiff's motion for *in camera* review of the ROI is denied.

events and a specific possible violation by a specific party" are in anticipation of litigation). Plaintiff, however, disputes whether the portions of the ROI withheld based on work product would in fact disclose the thought processes of the individuals involved in the investigation.

■ The portions of the ROI withheld as work product include: (1) summaries of witness interviews conducted by OSC investigators which "contain the Investigator's recollection of what he perceived to be the relevant highlights of the interview.... [and] contain both factual statements of the witnesses and the investigator's impressions of those statements...;" (2) identification of witnesses that OSC investigators did not interview and the reasons therefore; (3) Investigator Blake's personal opinion of the merits of the case; and (4) a list of the exhibits that were attached to the ROI. *See* Reukauf II Aff. ¶¶ 16–19. Each of these withheld portions clearly contain the type of information which would shed light on the Special Counsel's theory of the case and litigation strategy. *See Sears,* 421 U.S. at 154; *Martin v. Office of Special Counsel, Merit Sys. Protection Bd.,* 819 F.2d 1181, 1187 (D.C.Cir.1987); *Mervin v. FTC,* 591 F.2d 821, 825–26 (D.C.Cir.1978). Thus, defendant has proffered sufficient evidence to justify its Exemption 5 redactions from the ROI.[3]

■ Finally, defendant argues that it was justified in withholding the ROI, particularly the redacted names on pages 1–43 and the names of witnesses interviewed during the investigation, pursuant to Exemption 7(C) of the FOIA. Exemption 7(C) allows an agency to withhold information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an un-

warranted invasion of personal privacy" 5 U.S.C. § 552(b)(7)(C). A court evaluating Exemption 7(C) redactions must balance the privacy interests involved against the public's interest in disclosure. *See Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989); *SafeCard,* 926 F.2d at 1205.

■ The D.C. Circuit has recognized that Exemption 7(C) affords broad privacy rights to witnesses and investigators. *See SafeCard,* 926 F.2d at 1205 (citing *Bast v. Department of Justice,* 665 F.2d 1251, 1254 (D.C.Cir.1981)). The witnesses whose names were redacted from the ROI have a privacy interest in keeping their names confidential because disclosure could subject them to unwarranted questioning concerning the OSC investigation, subpoenas issued by private litigants in civil suits, and harassment from co-workers or other individuals.[4] *See Nadler v. Department of Justice,* 955 F.2d 1479, 1489 (11th Cir.1992); *Cleary v. FBI,* 811 F.2d 421, 424 (8th Cir.1987).

■ On the other hand, there is very little, if any, "public interest" of the kind the FOIA is designed to protect, which would be promoted by the disclosure of witness names in the ROI. The FOIA is designed to facilitate the disclosure of official information shedding light on an agency's performance of its statutory duties. *Reporters Comm.,* 489 U.S. at 772–774. The D.C. Circuit has held that "unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity," such information is exempt from disclosure. *SafeCard,* 926 F.2d at 1206, *see*

---

**3.** Moreover, even if the pages of the ROI identifying witnesses that OSC investigators did not interview and the reasons therefore (pp. 44–52), and the pages containing Blake's personal opinion of the merits of the case (pp. 52–53) were not protected by the work product privilege, they would be protected by the deliberative process privilege, as defendant has proffered sufficient evidence that the withheld materials are both predecisional (created antecedent to the adoption of agency policy), and deliberative (making recommendations or expressing opinions on legal or

policy matters). *See Mapother v. Department of Justice,* 3 F.3d 1533, 1537 (D.C.Cir.1993); *Jordan v. Department of Justice,* 591 F.2d 753, 774 (D.C.Cir.1978) (*en banc*); *Vaughn v. Rosen,* 523 F.2d 1136, 1143–44 (D.C.Cir.1975).

**4.** The threat of a lawsuit is particularly real in this case, since plaintiff claims that allegations by investigators and various witnesses were "untrue, malicious, and calculated to bring plaintiff into dispute and ridicule." Am. Compl. ¶ 4.

*also* *McCutchen v. Department of Health and Human Servs.,* 30 F.3d 183, 188 (D.C.Cir.1994) ("A mere desire to review how an agency is doing its job, coupled with allegations that it is not, does not create a public interest sufficient to override the privacy interests protected by Exemption 7(C)."). Plaintiff has not proffered evidence even close to "compelling" that the OSC is engaged in illegal activity which would be significant to the general public, and thus defendant's Exemption 7(C) redactions of witness identification were justified.

## CONCLUSION

For the foregoing reasons, plaintiff's Privacy Act claims are dismissed with prejudice. The Court also grants defendant's motion for summary judgment with respect to plaintiff's FOIA claims, since the OSC's redactions are properly supported by the Reukauf affidavit. In accordance with Federal Rule of Civil Procedure 58, a separate Judgment accompanies this Opinion.